UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

LILLIAN BONAVENTURA,                   )
                                       )
        Plaintiff,                     )
                                       )
        v.                             )        Cause No. 2:25-CV-280-PPS-APR
                                       )
JERSEY 25, LLC and CHRIS PAVLOU,       )
                                       )
        Defendants.                    )

## OPINION AND ORDER

Lillian Bonaventura briefly worked as a hostess at Radius, a restaurant in downtown Valparaiso. Radius is owned by Jersey 25, LLC, whose sole member is Chris Pavlou. Pavlou also manages Radius. Bonaventura claims she worked uncompensated overtime hours and, at times, hours for which she was improperly paid a sub-minimum wage. She sues under the Fair Labor Standards Act ("FLSA") and Indiana state law to remedy these alleged wrongs. In summary, for the reasons stated below, Bonaventura's FLSA claim is barred by the applicable statute of limitations, and the Court declines to exercise supplemental jurisdiction over her remaining state law claims.

## Background

For purposes of this opinion, I take all well-plead facts as true. Lillian Bonaventura worked as a hostess for Defendants Jersey 25, LLC, doing business as Radius, and its manager Chris Pavlou. [DE 1 at ¶15.] Bonaventura began this employment on March 1, 2022, while she was still a minor. [*Id.* at ¶¶14, 29.] Jersey 25, LLC and Pavlou agreed to pay Bonaventura on an hourly basis at the rate of $10.00 per

1

hour. [*Id.* at ¶¶16–17.] Bonaventura says Jersey 25, LLC and Pavlou worked regular hours for which she was not paid or paid at least minimum wage and worked overtime hours for which she was not paid overtime wages. [*Id.* at ¶¶19–21.]

While working at Radius, Bonaventura says she suffered an undisclosed injury. [*Id.* at ¶26.] She then says Pavlou retaliated against her for filing a workers' compensation claim. [*Id.* at ¶27.] Bonaventura's short-lived employment with Jersey 25, LLC and Pavlou lasted less than three months. Her employment ended on May 18, 2022, though it's not clear whether she quit or was terminated. [*Id.* at ¶25.] According to Bonaventura's counsel, the Attorney General's Office and Department of Labor, seemingly of Indiana, referred Bonaventura's case to counsel on March 19, 2025. [*Id.* at ¶28.]

Bonaventura sued Jersey 25, LLC and Pavlou in this Court on June 21, 2025. [*See id.*] She brings four counts: Count 1, a violations of the FLSA; Count 2, a violation of Indiana's Minimum Wage Statute; Count 3, a violation of Indiana's Wage Claims Statute; and Count 4, retaliation for assertion of her workers' compensation claim. She suggests to the Court that all her claims except for her FLSA claim sound in Indiana state law. [DE 14 at 2.] Jersey 25, LLC and Pavlou moved to dismiss Counts I, II, and III. [DE 8.]

### Discussion

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation

2

omitted); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While I must accept all factual allegations as true and draw all reasonable inferences in the complainant's favor, I don't need to accept threadbare legal conclusions supported by purely conclusory statements. *See Iqbal*, 556 U.S. at 678. The plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Making the plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

The nature of Bonaventura's complaint and the Parties briefing has somewhat complicated the nature of Defendants' motion to dismiss. In their Reply, Defendants' argument takes its final shape: Count I is untimely, Count II is effectively preempted by the FLSA, and Count III fails to state a claim. In fact, Jersey 25, LLC and Pavlou assert that Counts I, II, and III *all* fail to plead sufficient facts to state a claim. In response, Bonaventura urges the Court to toll the FLSA's statute of limitations. She claims her state law claims are sufficient as pleaded but in the alternative requests that the court decline to exercise supplemental jurisdiction over them in the event it dismisses her FLSA claim. Because the Parties agree the FLSA claim drives the scope and existence of federal jurisdiction, I begin there.

Bonaventura alleges both a failure to pay minimum wage and a failure to pay overtime hours. These are two different theories. Section 206 of the FLSA requires employers to pay employees a minimum wage of $7.25 per hour. 29 U.S.C. § 206(a)(1). Section 207 provides that employees who work more than forty hours in a week must

3

be paid for those excess hours at one and a half times the regular rate of pay. 29 U.S.C. § 207(a)(1). The elements for both theories are largely identical. As one example, the "elements of an FLSA overtime claim are: (1) the plaintiff was employed by the defendant; (2) the defendant is engaged in interstate commerce or the plaintiff is otherwise covered by the FLSA; (3) the plaintiff worked in excess of 40-hours in a workweek; and (4) the defendant did not pay the plaintiff overtime wages." *Wiseman v. Tastefully Better*, Case No: 19-cv-1441, 2021 WL 5321075, at *2 (N.D. Ill. Nov. 16, 2021).

The statute of limitations under the FLSA is normally two years, but it is extended to three years for "willful" violations. 29 U.S.C. § 255(a). The Parties agree that allegations of "willful" violations are not present here. This two-year clock runs from when "the cause of action accrued." *Id.* "The courts have held that a cause of action under the Fair Labor Standards Act for unpaid minimum wages or unpaid overtime compensation . . . 'accrues' when the employer fails to pay the required compensation for any workweek at the regular pay day for the period in which the workweek ends." 29 C.F.R. § 790.21(b). Under this framework, the Parties agree that Bonaventura brought her claim more than two years after her FLSA cause of action "accrued."

Recognizing that her claim under the FLSA is otherwise time-barred, Bonaventura takes a different tack. She argues it is "unequitable" for her to have been expected to know and enforce her legal rights as a minor, and she requests the Court equitably toll the FLSA's statute of limitations. In support of this request, Bonaventura cites neither case law examples nor the standard for equitable tolling. For starters, it must be recognized that equitable tolling is "rare." *Herrera v. Cleveland*, 8 F.4th 493, 499

4

(7th Cir. 2021). To establish a basis for equitable tolling, the litigant bears the burden of establishing that they (1) diligently pursued their rights and (2) some extraordinary circumstance prevented timely filing. *Id.* The Seventh Circuit has recognized that "the equitable tolling of FLSA claims is already a familiar practice" in the Seventh Circuit. *Richards v. Eli Lilly & Co.*, 149 F.4th 901, 914 (7th Cir. 2025). In the cases found by the Court, however, equitable tolling usually arises in the context of notice in FLSA collective actions, which is not at issue here. *Id.*

Bonaventura offers little to meet her burden to establish a basis for equitable tolling. It's not clear to the Court when Bonaventura first reported her claim to the Indiana Department of Labor, which precipitated the March 19, 2025, referral to her counsel. Even assuming that Bonaventura had been diligently pursuing her rights, she has not met her burden to show that an "extraordinary circumstance" prevented her timely filing. "Extraordinary circumstances" are present only when an "external obstacle beyond the party's control stood in its way and caused the delay." *Lombardo v. United States*, 860 F.3d 547, 552 (7th Cir. 2017) (internal citation omitted). This means that the circumstances must be both extraordinary and "beyond [the party's] control." *Id.* Bonaventura's only explanation for her failure to timely file her FLSA claim is her belief that the statute of limitations did not begin on her claim until she reached the age of eighteen.

The mere fact that Bonaventura was a minor is insufficient to establish extraordinary circumstances that warrant equitable tolling. *See Booth v. United States*, 914 F.3d 1199, 1205 (9th Cir. 2019) (surveying case law on equitable tolling of minors

and declining to do so in the context of the Federal Tort Claims Act); *United States v. Alvarez*, 710 F.3d 565, 568 n.10 (5th Cir. 2013) ("The federal courts have consistently rejected requests to create tolling exceptions for minors, reasoning that in the absence of an express legislative directive to the contrary, parents and guardians are assumed to be adequate surrogates."). As Jersey 25 LLC and Pavlou note, courts decline to read exceptions for minors into statutes of limitations where Congress did not expressly authorize such an exception. *See Booth*, 914 F.3d at 1205; *Unexcelled Chem. Corp. v. United States*, 345 U.S. 59, 65–66 (1953) (analyzing the two-year statute of limitations established by the Portal-to-Portal Act, a 1947 amendment to the FLSA, in the context of prohibitions on child labor). I agree and find that equitable tolling does not apply in this situation, and therefore, the FLSA claim in Count I must be dismissed.

This leaves the question of what to do about Bonaventura's remaining state law claims. Bonaventura requests that, if she does not prevail on her FLSA claim, the Court dismiss her remaining state law claims without prejudice so she may re-file them in state court. [DE 14 at 2.] Jersey 25, LLC and Pavlou insist the Court must dismiss Count II with prejudice and ask the Court to either dismiss or decline to exercise supplemental jurisdiction over Count III. I agree with the Parties and decline to exercise supplemental jurisdiction over Count III. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."); 28 U.S.C. § 1367(c). The Seventh Circuit counsels "that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed

prior to trial." *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999).

Turning to Count II, Bonaventura agrees that if the FLSA applies to her claims, then Indiana's Minimum Wage Act does not. That is why she pleaded her Indiana Minimum Wage Act claim as an alternative claim. The Indiana Wage Payment Statute, (what Bonaventura calls the Indiana Minimum Wage Act) sets minimum wage and overtime compensation requirements for employers in Indiana. But the Indiana Wage Payment Statute does not "include any employer who is subject to the minimum wage provisions of [the FLSA]." Ind. Code § 22–2–2–3; *Edmonds v. Feralloy Midwest Corp.*, No. 2:07 cv 266 PS, 2009 WL 1605156, at *7 (N.D. Ind. June 3, 2009); *Parker v. Schilli Transp.*, 686 N.E.2d 845, 851 (Ind. Ct. App. 1997) ("[I]n Indiana, claims for overtime compensation cannot be raised under the Wage Law and that the [FLSA] is the exclusive remedy for enforcing rights created under that federal statute"). In dismissing Bonaventura's FLSA claim, however, I did not rule on whether Jersey 25, LLC and Pavlou constituted "employers" for purposes of the FLSA. Rather, I concluded that Bonaventura had failed to state a claim under the FLSA because, even assuming Jersey 25, LLC and Pavlou were "employers", any claim was prohibited by the FLSA's statute of limitations. Accordingly, without ruling on whether Jersey 25, LLC and Pavlou are employers under the Indiana Minimum Wage Act, I will decline to exercise supplemental jurisdiction over Count II as well.

As noted above, neither side addresses Count IV of Bonaventura's complaint, which deals with alleged retaliation for pursuing a workers compensation claim. Given her representations that her FLSA claim was her only federal law claim and her request

for the Court to decline supplemental jurisdiction over her remaining claims, this Court

assumes Bonaventura pleaded a state law claim in Count IV. Accordingly, the Court

declines to exercise supplemental jurisdiction over Count IV as well.

### Conclusion

For the aforementioned reasons, Jersey 25, LLC's and Chris Pavlou's Motion to

Dismiss [DE 8] is **GRANTED**. In particular:

(1) Count I is **DISMISSED**;

(2) Counts II, III, and IV are **DISMISSED WITHOUT PREJUDICE**; and

(3) The Clerk is directed to enter judgment in favor of Defendants Jersey 25, LLC

and Chris Pavlou and close the case.

**SO ORDERED**.

ENTERED: April 29, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT